# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
### (Columbia Division)

| | |
|---|---|
| **REBECCA YOUNG**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No._____ |
| | ) |
| **GILES COUNTY BOARD OF EDUCATION, PHILLIP J. WRIGHT**, in his individual and official capacity as Director of Schools for Giles County, Tennessee, and **MICAH LANDERS**, in his individual and official capacity as Principal of Richland High School, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff Rebecca Young, by and through the undersigned counsel, sues Defendants Giles County Board of Education ("the Board"), Phillip J. Wright ("Wright"), in his individual and official capacity as Director of Giles County Schools and Micah Landers ("Landers" or "the principal"), in his individual and official capacity as Principal of Richland High School, showing as follows:

### NATURE OF THE ACTION

1. This is a free-speech case on behalf of Plaintiff Rebecca Young, who is eighteen years of age and a twelfth grade student at Richland High School ("Richland") in Giles County, Tennessee.

2. At issue in this case is whether school officials may lawfully censor apparel bearing non-vulgar and non-obscene images or slogans or other types of student-expression at school that supports the fair treatment of gay, lesbian, bisexual or transgender ("LGBT") people.

3. Young supports the respect, equal treatment, and acceptance of LGBT people and wishes to express her political and social beliefs through non-vulgar and non-obscene phrases, slogans and symbols on T-shirts and other clothing she wears to school.

4. The above phrases, slogans and symbols, as well as many others like them, are banned and punishable under Defendants' unlawful policies and practices concerning student speech.

5. Defendants' policies and practices violate Young's and other Giles County School District students' freedom of speech under the First Amendment to the United States Constitution, as applied to the states under the Fourteenth Amendment.

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to 42 U.S.C. § l983 for Defendants' violations of her civil rights under the First and Fourteenth Amendments to the United States Constitution.

7. This court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

8. The Defendant Board and Defendants Wright and Landers, upon information and belief, reside in this district and division and the unlawful practices complained of and that give rise to the claims herein occurred within this district and division.

9. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b).

## PARTIES

10. Plaintiff Rebecca Young is a twelfth-grade student enrolled at Richland High School. She is over the age of eighteen.

11. Young attends Richland High School and remains subject to the authority and directives of Defendants Wright, Landers and the Board.

12. Young has standing to pursue this lawsuit.

13. Defendant Giles County Board of Education, the local education agency for Giles County, Tennessee authorized pursuant to the T.C.A. § 49-1-102(c), is the governing body of the school district of Giles County, Tennessee, and controls, operates, and supervises Richland High School. The Board is the final decision-maker of policy for the school district of Giles County, Tennessee.

14. The Defendant Board, for all purposes of this action, resides in Giles County, Tennessee and can be served through its Board Chairman, Richie Brewer.

15. Defendant Phillip J. Wright is the Director of Schools for the Giles County School System and is employed by the Board.

16. Wright is charged by T.C.A. § 49-2-301(b)(1)(A) as Director to "[a]ct for the board in seeing that the laws relating to the schools and rules of the state and local board of education are faithfully executed."

17. At all times material to this lawsuit Defendant Wright was employed by the Board. He is sued in his individual and official capacities.

18. Defendant Micah Landers is the principal of Richland High School. He is vested with the authority to discipline students at Richland High School at his discretion and to enforce the policies of Richland High School and the Board. At all times material to this lawsuit, Defendant Landers was employed by the Giles County School system.

19. Richland High School is within the school district of Giles County, Tennessee. The Board, through Defendant Wright, supervises Mr. Landers as principal of Richland High School. Mr. Landers as a school official is a state actor. He is sued in his individual and official capacities.

20. Defendants Wright, Landers and the Board, at all times relevant hereto, were acting under color of law.

## GENERAL ALLEGATIONS

21. On August 5, 2015, Young wore a shirt to Richland High School bearing the slogan "Some People Are Gay, Get Over It."

22. August 5, 2015 was the first day of the 2015-2106 school year and was a half day, so school was dismissed earlier than the normal time.

23. Young received no threats concerning the message on her shirt during the day.

24. No student or faculty member expressed to or otherwise interacted with Young in a manner manifesting any hostility, disapproval or offense to the message on her shirt.

25. At the end of the day, Defendant Landers called Young to the front of a cafeteria full of students and publically reprimanded her for wearing the shirt.

26. Landers told her that she could not wear that shirt or any other shirt referencing LGBT rights to school because it made her a target for bullying and provoked other students.

27. That afternoon, Gelinda Young, Young's mother, called Landers and confirmed that he had forbidden Rebecca from wearing the shirt or any other apparel which bore phrases, symbols, slogans or other indicia of or in support of the LGBT community, for the same reasons he had cited to Young at the cafeteria: he claimed that he was protecting Young from bullying or harassment.

4

28. Gelinda Young then called Defendant Wright to discuss this censorship.

29. Wright expressed his approval Lander's actions.

30. Wright stated that the shirt, or any clothing expressing support for LGBT people or LGBT rights, violated the school's and the Board's dress code.

31. Wright stated that pro-LGBT messages are sexual in nature and, therefore, prohibited by the dress code.

32. Wright stated that any clothing bearing such expressions, including simply a rainbow symbol, would not be tolerated at Richland High School.

33. On August 18, 2015, Young, by and through her counsel, sent a letter contesting the censorship of Young's choice of apparel to express her support for LGBT rights.

34. Wright responded by letter on August 31, 2015 stating that "[d]ue to the nature of the shirt's writing and the environment at the school, Rebecca Young would have been bullied or harassed by other students."

35. Wright also stated that "[t]he shirt's writing would have caused a disturbance in the educational environment of Richland School."

36. Wright stated that Landers "has the autonomy to evaluate the nature of his school and what constitutes a situation that would erupt into a substantial interruption of the learning environment."

37. As justification for Landers action Wright cited to Giles County Board Policy 6.310, which states:

> In order to maintain an atmosphere conducive to learning and to prepare students for working environments, the Giles County School System requires that all students, grade K-12, exercise good taste with regard to their personal appearance. Attire considered disruptive or risky to health or school/personal safety is not appropriate.

5

Case 1:15-cv-00107   Document 1   Filed 11/23/15   Page 5 of 11 PageID #: 5

38. Wright also pointed to the portion of the policy which states, "[w]hen a student is attired in a manner which is likely to cause disruption or interference with the operation for the school, the principal shall administer appropriate punishment, which may include suspension and/or expulsion."

39. There has been no disruption of the educational environment at Richland High School caused by students expressing support of the fair treatment of gay, lesbian, bisexual or transgender people.

### Count One:
### Violation of the First Amendment,
### as applied to the states under the Fourteenth Amendment
(Against Defendant Landers, 42 U.S.C. §1983)

40. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

41. Defendant Landers deprived, and is continuing to deprive, Young of the rights secured to her by the United States Constitution.

42. By prohibiting Young from wearing clothing or apparel with phrases or symbols expressing her support for the respect, equal treatment, and tolerance of gays and lesbians, Landers violated, and is continuing to violate, Plaintiff's right to free speech and expression, and in particular her right to political expression, as guaranteed by the First Amendment and the Fourteenth Amendment to the U.S. Constitution.

43. Defendant Landers' actions are, in whole or in part, based upon the content and viewpoint of Young's speech concerning the fair treatment of gays and lesbians or out of anti-gay animus, and therefore his actions also constitute unlawful content based and viewpoint discrimination.

6

Case 1:15-cv-00107   Document 1   Filed 11/23/15   Page 6 of 11 PageID #: 6

44. In depriving Young of these rights, Landers acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

## Count Two:
### Violation of the First Amendment,
### as applied to the states under the Fourteenth Amendment
(Against Defendant Wright, 42 U.S.C. §1983)

45. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

46. Wright expressly approved of and adopted the actions of Defendant Landers in prohibiting Young from wearing any apparel that depicted phrases, slogans or symbols concerning the fair treatment of LGBT people.

47. Wright deprived, and is continuing to deprive, Young of the rights secured to her by the United States Constitution.

48. Wright specifically cited the policies of the Board in justifying his actions and those of Landers.

49. Wright has interpreted those policies to authorize Wright and Landers to continue to violate Young's First Amendment right to Freedom of Speech.

50. Wright's continued enforcement of the Board's policies in violation of Young's right to freedom of speech creates a chilling effect on Young's future speech or expression and that of other students.

51. By instructing Young that she is prohibited from wearing clothing or other apparel that expresses her support for the respect, equal treatment, and tolerance of gays and lesbians, Wright violated, and is continuing to violate, Plaintiff's right to free speech and

expression, and in particular her right to political expression, as guaranteed by the First Amendment and the Fourteenth Amendment to the U.S. Constitution.

52. Wright's actions are, in whole or in part, based upon the content and viewpoint of Young's speech concerning the fair treatment of LGBT people or out of anti-gay animus, and therefore his actions also constitute unlawful content based and viewpoint discrimination.

53. In depriving Young of these rights, Wright acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

### Count Three:
### Violation of the First Amendment,
### as applied to the states under the Fourteenth Amendment
(Against Defendant Giles County Board of Education, 42 U.S.C. §1983)

54. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

55. The Board acts through its employee, the Director of Schools Defendant Wright.

56. The Board promulgated policies which have been used by Defendants Landers and Wright to prohibit Young's constitutionally protected speech.

57. The Board deprived, and is continuing to deprive, Young of the rights secured to her by the United States Constitution.

58. By ratifying Defendants Wright's and Landers' unlawful prohibitions against Young wearing clothing or other apparel depicting phrases or symbols expressing her support for the respect, equal treatment, and acceptance of LGBT people, the Defendant Board violated, and is continuing to violate, Young's right to free speech and expression, and in particular her right to political expression, as guaranteed by the First Amendment and the Fourteenth Amendment to the U.S. Constitution.

59. In depriving the Plaintiff of these rights, the Defendant Board acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

## Count IV
**Temporary and Permanent Injunctive Relief**
**42 U.S.C. § 1983**

60. Based on the allegations contained in previous paragraphs, which are re-alleged here by reference, Plaintiff Young claims that she is entitled to a preliminary and permanent injunction.

61. Young's First Amendment rights have been violated under color of state law.

62. To make Young whole and restore her rights, Defendants must be enjoined from taking further action to prohibit Young from wearing any apparel bearing phrases, slogans or symbols or otherwise expressing her support for the respect, equal treatment, and acceptance of LGBT people.

63. Defendant Landers has warned Young that if she violates his ban against such apparel, she will be disciplined further.

64. Defendant Wright has, in writing, expressed that the enforcement of the Board's policies would lead to Young's suspension or expulsion.

65. Accordingly, Young has no adequate remedy at law and only injunctive relief can restore Young's constitutionally protected rights and ensure the protection of her rights in the future.

9

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A. An order declaring that the Defendants violated the Plaintiff's rights protected under the First and Fourteenth Amendments to the United States Constitution;

B. An order preliminarily and then permanently enjoining Defendants and their officers, agents, affiliates, subsidiaries, servants, employees and all other persons or entities in active conceit or privity or participation with them, from restraining, prohibiting, or suppressing the Plaintiff or any other student within the school district of Giles County, Tennessee, from expressing his or her support for the respect, equal treatment, and acceptance of LGBT people including but not limited to the shirt worn by Young on August 5, 2015 and apparel bearing the rainbow symbol or other symbols and phrases associated with LGBT pride;

C. An order enjoining the enforcement of the The Board's policies that prohibit speech or expression in support for the respect, equal treatment, and acceptance of LGBT people;

D. An order directing Defendants to take such affirmative steps necessary to remediate the past restraints of expression of support for the respect, equal treatment, and acceptance of LGBT people, including, but not limited to, notifying in writing the Richland High School student body and school officials within the Giles County School District that students are permitted to express support for the respect, equal treatment, and acceptance of gays and lesbians pursuant to reasonable time, place, and manner restrictions;

E. An order enjoining Defendants and their officers, agents, affiliates, subsidiaries, servants, employees and all other persons or entities in active concert or privity or participation with them, from taking retaliatory action against Plaintiff for bringing this lawsuit, or against any

students for their past or future expressions of support for the respect, equal treatment, and acceptance of gays and lesbians;

    F.    An entry of judgment for Plaintiff against Defendants The Board, Wright and Landers for nominal damages of $l;

    G.    An award of Attorneys' fees and costs associated with this action, pursuant to 28 U.S.C. § 1988, *et seq.* or under any other relevant authority;

    H.    That this Court retain jurisdiction of this matter to enforce the terms of the Court's orders, and

    I.    Such further and different relief as this Court may deem just and proper or that is necessary to make the Plaintiff whole.

Respectfully Submitted,

/s/ Mark J. Downton
Mark J. Downton, #020053
THE LAW OFFICE OF MARK J. DOWNTON
9005 Overlook Blvd.
Brentwood, Tennessee 37027
(615) 236-1440
lawyerdownton@gmail.com

ACLU Cooperating Attorney

/s/ Thomas H. Castelli
Thomas H. Castelli, #24849
American Civil Liberties Union Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
615-320-7142
615-691-7219 (facsimile)
tcastelli@aclu-tn.org

Attorneys for Plaintiffs