IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| REBECCA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1:15-cv-00107 |
| v. ) | CHIEF JUDGE SHARP |
| ) | JURY DEMAND |
| GILES COUNTY BOARD OF ) | |
| EDUCATION, PHILLIP J. WRIGHT ) | |
| In his individual and official capacity ) | |
| As Director of Schools for Giles County, ) | |
| Tennessee, and MICAH LANDERS, in ) | |
| His individual and official capacity as ) | |
| Principal of Richland High School, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendants, Giles County Board of Education, Phillip J. Wright, in his individual and official capacity as Director of Schools for Giles County, Tennessee, and Micah Landers, in his individual and official capacity as Principal of Richland High School, hereby respond to the Complaint filed against them in the above-captioned cause of action as follows:

### NATURE OF THE ACTION

1.  Paragraph 1 does not contain a question of fact requiring a response from these defendants.

2.  Paragraph 2 does not contain a question of fact requiring a response from these defendants.

3.  These defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 3.

4. These defendants deny the allegations contained within paragraph 4.

5. These defendants deny the allegations contained within paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 does not contain a question of fact requiring a response from these defendants.

7. These defendants admit the allegations contained within paragraph 7.

8. These defendants admit the allegations contained within paragraph 8.

9. These defendants admit the allegations contained within paragraph 9.

## PARTIES

10. These defendants admit the allegations contained within paragraph 10.

11. These defendants admit the allegations contained within paragraph 11.

12. Upon information and belief, these defendants admit the allegations contained within paragraph 12.

13. These defendants admit the allegations contained within paragraph 13.

14. These defendants admit the allegations contained within paragraph 14.

15. These defendants admit the allegations contained within paragraph 15.

16. These defendants admit the allegations contained within paragraph 16.

17. These defendants admit the allegations contained within paragraph 17.

18. These defendants admit the allegations contained within paragraph 18.

19. These defendants admit the allegations contained within paragraph 19.

20. These defendants admit the allegations contained within paragraph 20.

## GENERAL ALLEGATIONS

21. These defendants admit the allegations contained within paragraph 21.

22. These defendants admit the allegations contained within paragraph 22.

23. Upon information and belief, these defendants admit the allegations contained within paragraph 23.

24. Upon information and belief, these defendants admit the allegations contained within paragraph 24.

25. These defendants deny that the plaintiff was publicly reprimanded for wearing the shirt in question. However, the remaining allegations contained within paragraph 25 are admitted.

26. These defendants admit that Defendant Landers told the plaintiff that she could not wear the shirt in question because it made her a target for bullying and provoking other students; however, the remaining allegations contained within paragraph 26 are denied.

27. These defendants admit that the plaintiff's mother called Defendant Landers to confirm that he had forbidden Rebecca from wearing the shirt in question. These defendants admit that Mr. Landers claimed that he was protecting the plaintiff from bullying or harassment. However, the remaining allegations contained within paragraph 27 are denied.

28. These defendants admit the allegations contained within paragraph 28.

29. These defendants admit the allegations contained within paragraph 29.

30. These defendants deny the allegations contained within paragraph 30. However, Defendant Wright did express that the shirt in question did violate the school's dress code policy.

31. These defendants deny the allegations as alleged in paragraph 31. However, it is admitted that Defendant Wright did express that the shirt in question was considered sexual in nature.

32. These defendants deny the allegations contained within paragraph 32.

33. These defendants admit the allegations contained within paragraph 33.

34. These defendants admit the allegations contained within paragraph 34.

35. These defendants admit the allegations contained within paragraph 35.

36. These defendants admit the allegations contained within paragraph 36.

37. These defendants admit the allegations contained within paragraph 37.

38. These defendants admit the allegations contained within paragraph 38.

39. These defendants deny the allegations contained within paragraph 39.

## Count One:
## Violation of the First Amendment,
## as applied to the states under the Fourteenth Amendment
## (Against Defendant Landers, 42 U.S.C. §1983)

40. Defendants reincorporate by reference their responses to all of the preceding paragraphs of Plaintiff's Complaint.

41. These defendants deny the allegations contained within paragraph 41.

42. These defendants deny the allegations contained within paragraph 42.

43. These defendants deny the allegations contained within paragraph 43.

44. These defendants deny the allegations contained within paragraph 44.

## Count Two:
## Violation of the First Amendment,
## as applied to the states under the Fourteenth Amendment
## (Against Defendant Wright, 42 U.S.C. §1983)

45. Defendants reincorporate by reference their responses to all of the preceding paragraphs of Plaintiff's Complaint.

46. These defendants deny the allegations contained within paragraph 46.

47. These defendants deny the allegations contained within paragraph 47.

48. These defendants deny the allegations contained within paragraph 48.

49. These defendants deny the allegations contained within paragraph 49.

50. These defendants deny the allegations contained within paragraph 50.

51. These defendants deny the allegations contained within paragraph 51.

52. These defendants deny the allegations contained within paragraph 52.

53. These defendants deny the allegations contained within paragraph 53.

## Count Three:
## Violation of the First Amendment,
## as applied to the states under the Fourteenth Amendment
## (Against Defendant Giles County Board of Education, 42 U.S.C. §1983)

54. Defendants reincorporate by reference their responses to all of the preceding paragraphs of Plaintiff's Complaint.

55. These defendants deny the allegations contained within paragraph 55.

56. These defendants deny the allegations contained within paragraph 56.

57. These defendants deny the allegations contained within paragraph 57.

58. These defendants deny the allegations contained within paragraph 58.

59. These defendants deny the allegations contained within paragraph 59.

## Count IV
## Temporary and Permanent Injunctive Relief
## as applied to the states under the Fourteenth Amendment
## 42 U.S.C. §1983

60. Defendants reincorporate by reference their responses to all of the preceding paragraphs of Plaintiff's Complaint.

61. These defendants deny the allegations contained within paragraph 61.

62. These defendants deny the allegations contained within paragraph 62.

63. These defendants deny the allegations contained within paragraph 63.

64. These defendants deny the allegations contained within paragraph 64.

65. These defendants deny the allegations contained within paragraph 65.

66. These defendants deny that the plaintiff is entitled to any of the relief requested in the **"PRAYER FOR RELIEF"** section of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim against these defendants for which relief can be granted, including any alleged First Amendment violation.

2. To the extent that the plaintiff has properly stated a cause of action under 42 U.S.C. § 1983 against these individual defendants, they are entitled to qualified immunity from money damages.

3. These defendants aver that no custom or policy of the Giles County Board of Education existed which contributed to the alleged violation of the constitutional rights of the plaintiff.

4. These defendants aver that no action or inaction on their part was the proximate cause of Plaintiff's alleged damages or any constitutional violation.

5. These defendants request that they be awarded attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. § 1988 and as otherwise provided by law.

6. These defendants specifically request a jury of twelve (12) try those issues which are properly tried by a jury.

7. These defendants specifically reserve the right to amend this pleading and plead further based upon the facts that become available during the discovery process.

Having answered the complaint and asserted their affirmative defenses, these defendants pray that the complaint be dismissed with the costs taxed to the plaintiff.

Respectfully submitted,

*/s/Robyn Beale Williams*
Robyn Beale Williams, BPR #19736
**FARRAR & BATES, LLP**
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 254-3060
(615) 254-9835 Fax
robyn.williams@farrar-bates.com
*Counsel for Giles County Board of Education, Phillip J. Wright, in his individual and official capacity as Director of Schools for Giles County, Tennessee, and Micah Landers, in his individual and official capacity as Principal of Richland High School*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of January 2016, a true and correct copy of the foregoing has been forwarded via the U.S. District Court's electronic notification system to:

Mark J. Downton
THE LAW OFFICE OF MARK J. DOWNTON
5654 Amalie Drive
Nashville, TN 37211
lawyerdownton@gmail.com
*Counsel for Rebecca Young*

Thomas H. Castelli
ACLU (NASHVILLE OFFICE)
P O Box 120160
Nashville, TN 37212
tcastelli@aclu-tn.org
*Counsel for Rebecca Young*

*/s/ Robyn Beale Williams*
Robyn Beale Williams