# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **REBECCA YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 1:15-cv-00107** |
| **v.** | ) | **CHIEF JUDGE SHARP** |
| | ) | **JURY DEMAND** |
| **GILES COUNTY BOARD OF** | ) | |
| **EDUCATION, PHILLIP J. WRIGHT** | ) | |
| **In his individual and official capacity** | ) | |
| **As Director of Schools for Giles County,** | ) | |
| **Tennessee, and MICAH LANDERS, in** | ) | |
| **His individual and official capacity as** | ) | |
| **Principal of Richland High School,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60

Defendants, Giles County Board of Education ("BOE"), Phillip J. Wright, in his individual and official capacity as Director of Schools for Giles County, Tennessee ("Mr. Wright"), and Micah Landers, in his individual and official capacity as Principal of Richland High School ("Mr. Landers") (collectively "Defendants"), hereby reply to Plaintiff's Response to Defendants' Motion to Relief from Order Pursuant to Rule 60.

Plaintiff has responded to Defendants' motion claiming that Defendants' position is akin to a heckler's veto and that it is based on undifferentiated fear or apprehension of a disturbance, and therefore is insufficient to overcome their request for injunctive relief. This is simply not the case.

Ironically, Plaintiff avers that the situation in the case at bar is one in which only Plaintiff has endured bullying and teasing over her sexual orientation and that the

bullying she experienced was not sufficient to lead to a substantial disruption or would materially interfere with the learning environment as is required pursuant to *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503, 508, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). However, the evidence clearly demonstrates that Plaintiff has been bullied for years concerning her sexual orientation. Furthermore, it demonstrates that there was, and remains, clearly an issue and hostility toward gay, lesbian and transgender students within the Giles County Schools. So much so, that Plaintiff herself contemplated harming herself or others as a result of the bullying she endured. (Docket Entry No. 18, ¶ 27). This lead the school to enact a bullying protocol. *Id.*, ¶ 32, Exhibit A. In addition, there have been incidents of bullying at other schools within the School District. Two other incidents have occurred in which female students have been bullied based upon their rumored sexual orientation leading to disruptions to the classroom. (Declaration of Phillip Wright, ¶ 4, Exhibit A).

 As pointed out in *Tinker*, all that is required to justify a prohibition of the expression of a particular opinion is for the school district to show

> "that its action was caused by something more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint," but rather, "that the school authorities had reason to anticipate that the wearing of [the banned imagery] would substantially interfere with the work of the school or would impinge upon the rights of other students," including the right to be secure and to be let alone."

(*Brogdon v. Lafon*, 217 Fed. Appx. 518, 525 (6th Cir. 2007) (citations omitted)). *Tinker* **does not** require that the speech "*in fact* cause[s] a substantial disruption or interference, but rather than school officials reasonably forecasted that such [speech] could cause substantial disruption or materially interfere with the learning

environment." *Defoe ex. rel. Defoe v. Spiva*, 625 F.3d 324, 335 (6th Cir. 2010) (citing *Tinker*, 393 U.S. at 514, 89 S.Ct. 733).

Based upon past experiences at the school and with Plaintiff herself concerning gay and lesbianism, it was completely reasonable for school officials to believe that the t-shirt Miss Young was wearing could cause a substantial disruption and/or materially interfere with the learning environment at Richland High School. Sadly, the subject of Miss Young's sexuality had caused issues on numerous occasions in the past. As such, it was completely reasonable that by drawing attention to gay and lesbianism could lead to further issues for Miss Young or other gay and lesbian students at the school.

Bullying based on sexual orientation is a national problem, not just isolated to Giles County. The news is full of stories of gay, lesbian, and transgender teens being tormented based on their sexuality. This is not merely school yard bullying that these teens endure. Often, this teasing and bullying leads to physical violence against them or leads these teens to become so despondent that they attempt suicide. A recent study published in 2001 in the American Journal of Public Health found that teens who had same-sex romantic attractions or relationships were at more than twice the risk for suicide attempts than their peers. (Stephen T. Russell & Kara Joyner, *Adolescent Sexual Orientation and Suicide Risk: Evidence from a National Study*, 91 American Journal of Public Health 1276, 1278). Unfortunately, many of them succeed. In fact, Miss Young herself became so upset after one such incident in 2012 that she wanted to harm herself or others. (Docket Entry No. 18, ¶ 27). Based on these alarming statistics and the bullying that Miss Young and other students had experienced, it is not unreasonable that school officials were afraid that the t-shirt and its message, could have led to further violence against Miss Young and other gay and lesbian teens. Moreover, Miss Young

and her mother obviously believed that the bullying she underwent was not mild and was serious enough that they insisted on the school developing bullying protocols for her.

Based on the above, the BOE has met the *Tinker* standard for an acceptable censuring of speech. As such, the preliminary injunction filed by Plaintiff should be denied.

Respectfully submitted,

*/s/Robyn Beale Williams*
Robyn Beale Williams, BPR #19736
**FARRAR & BATES, LLP**
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 254-3060
(615) 254-9835 Fax
robyn.williams@farrar-bates.com
*Counsel for Giles County Board of Education, Phillip J. Wright, in his individual and official capacity as Director of Schools for Giles County, Tennessee, and Micah Landers, in his individual and official capacity as Principal of Richland High School*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of February 2016, a true and correct copy of the foregoing has been forwarded via the U.S. District Court's electronic notification system to:

Mark J. Downton
THE LAW OFFICE OF MARK J. DOWNTON
9005 Overlook Blvd.
Brentwood, TN 37027
lawyerdownton@gmail.com
*Counsel for Rebecca Young*

Thomas H. Castelli
ACLU (NASHVILLE OFFICE)
P O Box 120160
Nashville, TN 37212
tcastelli@aclu-tn.org
*Counsel for Rebecca Young*

/s/ Robyn Beale Williams
Robyn Beale Williams