UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REBECCA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:15-cv-00107 |
| v. ) | Judge Sharp |
| ) | |
| GILES COUNTY BOARD OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Defendants have sought relief under Federal Rule of Civil Procedure 60 from the Court's Order granting Plaintiff's request for preliminary injunctive relief. (Docket No. 15).[1] As grounds for this motion, Defendants state that they failed to respond to Plaintiff's preliminary injunction motion because they were confused about the deadline. Defendants also assert that they had a constitutionally valid reason for disallowing Plaintiff to wear the t-shirt that spawned this lawsuit, meaning that it is Defendants, not Plaintiff, who will likely succeed on the merits. Defendants therefore seek to set aside the injunction. Plaintiff has responded in opposition to the Rule 60 motion (Docket No. 20) and Defendants have replied (Docket No. 25). Even if the Court found Defendants' confusion to constitute excusable neglect, which it does not, the Court once again concludes that Plaintiff is likely to succeed on the merits. Accordingly, the Court declines to disturb the preliminary injunction and will deny Defendants' motion for relief.

Defendants seek relief from judgment based upon Rule 60(b)(1), which allows a court to relieve a party from a final judgment based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "It is well settled that the [ruling on] a motion to set aside

---

[1] The Court's Memorandum and Order on Plaintiff's Motion for a Preliminary Injunction are available at Docket Nos. 11 & 12.

1

judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court, and that determination will not be reversed except for abuse of discretion." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993) (quoting In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986)).

Defendants advance three arguments regarding excusable neglect. First, they argue that they should be relieved from the injunction order because their attorney mistakenly believed the deadline for response was December 22, 2015. (Docket No. 19 at 1). While Defendants are correct that the 21-day period to file a responsive pleading, such as an Answer or Rule 12 motion to dismiss, expired on December 22, 2015, the time to respond to a motion for a preliminary injunction is only 14 days. Local Rule 7.01(b). A response to Plaintiff's request for injunctive relief was therefore due by December 15, 2015. Defense Counsel's failure to correctly compute the two response deadlines in compliance with the Local Rules does not fall within the realm of excusable neglect contemplated by Rule 60.

Defendants also contend that their untimeliness is excusable because Plaintiff's counsel agreed to extend the deadline to respond to the pleadings until December 31, 2015. Putting aside the fact that a responsive pleading is distinct from a response to a preliminary injunction motion, this informal agreement does not save Defendants. "[T]he neglect of the procedural rules and need to inform the court of any requested extensions is not made excusable simply because of an informal agreement between the parties." Cacevic v. City of Hazel Park, 226 F.3d 483, 491 (6th Cir. 2000). Finally, Defendants argue that counsel failed to enter an appearance due, in part, to the delay associated with running a conflict check. The Court appreciates the importance of conflict checks, but finds this assertion belied by the fact that Defense counsel admits that she was investigating Plaintiff's claims on Defendants' behalf by December 18, 2015. (Docket No.

19 at 2). Moreover, the attorney who represents Defendants in this matter has represented the Giles County Board of Education in another case in this district since at least December 2014. See Regen v. Giles County, Tennessee Board of Education, Case No. 1:14-cv-00143. Thus, invoking a conflict check as a reason for Defendants' untimely response strikes the Court as particularly specious.

Defendants did not even enter an appearance in this case until January 4, 2016, nearly three weeks after they were due to respond to Plaintiff's preliminary injunction motion, almost two weeks after the deadline to file a responsive pleading, and four days after the expiration of their supposed extension agreement with Plaintiff's counsel. Such delay, considering Defendants' actual notice of the case and their attorney's admitted work on their behalf, cannot be excused.

Even if the Court found reconsideration of the preliminary injunction to be warranted under Rule 60, the outcome would not change because Defendants' arguments on the merits do not justify suppression of Plaintiff's speech. Without even blinking at the irony of this tactic, Defendants assert that their previous inability to protect Plaintiff from bullying now gives them free rein to restrict her self-expression. The Court declines to endorse a policy that punishes the victim for Defendants' institutional failures. Regardless of the wisdom of this policy, or the lack thereof, Defendants' argument also fails as a matter of law. Their evidence regarding the disruption they anticipated as a result of Plaintiff's t-shirt falls woefully short of the "material and substantial" disruption required for the suppression of student speech. Tinker v. Des Moines, 393 U.S. 503, 511 (1969). Plaintiff remains likely to succeed on the merits of her claims and is entitled to a preliminary injunction.

Accordingly, Defendants' Motion for Relief (Docket No. 15) is hereby DENIED.

It is SO ORDERED.

*[signature: Kevin H. Sharp]*

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE